FELICIA R. REID (SBN 155481)
freid@chklawyers.com
KRISTIN L. OLIVEIRA (SBN 204384)
koliveira@chklawyers.com
ANN E. SOTER (SBN 229838)
asoter@chklawyers.com
CURIALE HIRSCHFELD KRAEMER LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendants
L-1 IDENTITY SOLUTIONS OPERATING COMPANY, L-1 ENROLLMENT SERVICES DIVISION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TRACY STOCKTON,

Plaintiff,

vs.

L-1 IDENTITY SOLUTIONS OPERATING COMPANY, a corporation doing business in the State of California, L-1 ENROLLMENT SERVICES DIVISION, an unknown entity doing business in the State of California, and DOES 1 through 50, inclusive,

Defendant.

Case No. 2:10-at-1606 (Temporary)

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332 AND 1441 [DIVERSITY JURISDICTION]**

[Placer County Superior Court Case No.: SCV 0028060]

Complaint Filed: October 6, 2010

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441(a)(b) and 1446, Defendants L-1 IDENTITY SOLUTIONS OPERATING COMPANY AND L-1 ENROLLMENT SERVICES DIVISION ("Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, County of Placer to the United States District Court for the Eastern District of California.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because this action involves citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## I. PROCEDURAL BACKGROUND

On or about October 6, 2010, Plaintiff TRACY STOCKTON ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Placer, entitled *Tracy Stockton v. L-1 Identity Solutions Operating Company, L-1 Enrollment Services Division, and Does 1 through 50, inclusive*, Case No. CGC-10-503136 (the "Complaint"). Plaintiff served the Complaint upon Defendant L-1 Identity Solutions Operating Company on October 8, 2010. A true and correct copy of the Complaint, Summons and documents reflecting service are attached hereto as **Exhibit A**.

The Complaint alleges the following causes of action against Defendants: (1) Disability Discrimination in Violation of California Government Code § 12900 and § 12940 et seq,; (2) Failure to Provide Reasonable Accommodations in Violation of California Government Code § 12900 and § 12940(m); (3) Failure to Engage in Interactive Process in Violation of Government Code § 12900 et seq. and § 12940(n); (4) Interference with Family Medical Leave Rights; and, (5) Wrongful Termination in Violation of Public Policy.

Defendants filed their Answer to Complaint for Damages in state court on November 3, 2010 and served Plaintiff on that date. True and correct copies of the Answer and Defendants' Proof of Service are attached hereto as **Exhibit B**.

This removal notice has been timely filed because it is filed within thirty days of the date Defendants were served with the Summons and Complaint. 28 U.S.C. § 1446(b).

The allegations of this notice are true and correct and this case is within the jurisdiction of the United States District Court for the Eastern District of California, and this case is removable to the United States District Court for the Eastern District of California.

The prerequisites for removal under 28 U.S.C. § 1441 have been met.

Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law. A Notice to Adverse Party and Court of Filing Notice of Removal, with a copy

CURIALE HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

of this Notice of Removal attached, will promptly be filed with the Clerk of the Superior Court of the State of California in Placer County.

## II. JURISDICTION

### A. Grounds for Removal Based on Diversity

This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This action is properly removable under 28 U.S.C. § 1441 because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States . . . .

#### 1. There is Complete Diversity of Citizenship of the Parties.

There is complete diversity of citizenship between Plaintiff and Defendants in this case. First, citizenship of a natural person is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. Cal. 2001). As alleged in the Complaint, Plaintiff is a resident of Placer County, State of California. (Complaint, ¶ 1.) Therefore, Plaintiff is a citizen of California.

Second, the citizenship of a corporation is determined by the state of its incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). At the time of the commencement of this action, and at all times subsequent hereto, Defendant L-1 Identity Solutions Operating Company is, and has been, incorporated under the laws of Delaware, with its principal place of business in Stamford, Connecticut. Therefore, L-1 Identity Solutions Operating Company is ***not*** a citizen of the State of California.

CURIALE HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Similarly, at the time of the commencement of this action, and at all times subsequent hereto, Defendant L-1 Enrollment Services Division is a "dba" of Biometric Technology Services LLC, which is a Delaware limited liability corporation whose principal place of business is in Nashville, Tennessee. Therefore, L-1 Enrollment Services Division is ***not*** a citizen of the State of California.

Third, the citizenship of the fictitious defendants, "Does 1 through 50," is disregarded for purposes of removal jurisdiction. 28 U.S.C. § 1441(a).

Accordingly, the parties are completely diverse from one another under 28 U.S.C. § 1332(a).

**2. The Amount in Controversy Exceeds $75,000.**

Under 28 U.S.C. § 1332(a), district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest. If it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the Court must determine whether it is it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The Court must consider any "sum which would entail a payment" by the defendant, including damages for lost wages, lost future wages, the value of lost health benefits, compensatory damages, punitive damages, and attorney's fees. *Id.* at 701.

As evidence that the amount in controversy exceeds $75,000, the Court may consider a pre-litigation settlement offer provided that the offer reflects a reasonable estimate of the plaintiff's claim. *See, Cohn, D.V.M. v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007).

Here, although the Complaint does not specify the amount of damages Plaintiff seeks, there is no doubt that the damages Plaintiff seeks – including compensatory damages, punitive damages and attorneys' fees – exceed $75,000. First, Plaintiff alleges that she was employed by Defendants for approximately three years, from August 2007 through June 2010. (Complaint, ¶ 8 and ¶ 24.) Plaintiff seeks general damages, compensatory damages, punitive damages, attorneys' fees, and other applicable damages. (Complaint, ¶ ¶ 46, 47, 48, 54, 55, 56, 63, 64, 65,

CURIALE HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

72; and Prayer For Relief.) Based on the allegations in the Complaint, and the categories of damages Plaintiff seeks in her Prayer for Relief, the amount in controversy in this case exceeds $75,000.

Second, on or about July 2, 2010, Plaintiff's attorney sent correspondence to Defendants offering to accept payment by Defendants of $120,000 to settle her employment claims against Defendants. As stated in the letter, Plaintiff believes that amount is "a reasonable and equitable agreement." (A true and correct copy of the July 2, 2010 letter is attached as **Exhibit A** to the Declaration of Kristin Oliveira filed in support of this Notice of Removal.) As such, according to Plaintiff herself, a reasonable estimate of her claims is $120,000. Therefore, the amount in controversy in this case exceeds $75,000.

Finally, as further evidence that the amount in controversy exceeds $75,000, on October 22, 2010, counsel for Defendants contacted Plaintiff's attorney to request that Plaintiff stipulate that she was not seeking damages greater than $75,000. Plaintiff's attorney declined to so stipulate on behalf of Plaintiff. (Oliveira Decl. ¶ 2.)

Given allegations in the Complaint, the pre-litigation settlement demand of $120,000, and Plaintiff's attorneys unwillingness to stipulate that the damages in this case do not exceed $75,000, there can be no doubt that the jurisdictional amount required for diversity jurisdiction is met in this case.

## III. INTRADISTRICT ASSIGNMENT

The events allegedly giving rise to this action occurred in Placer County, California. Therefore, venue is proper in the United States District Court for the Eastern District of California in the Sacramento Division.

If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

///

///

///

CURIALE HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## IV. CONCLUSION

For all of the foregoing reasons, this case may be properly removed to the United States District Court for the Eastern District of California from the Superior Court of California for Placer County on the basis of diversity jurisdiction.

Dated: November 4, 2010

CURIALE HIRSCHFELD KRAEMER LLP

By: /s/ Kristin L. Oliveira
Felicia R. Reid
Kristin L. Oliveira
Ann E. Soter
Attorneys for Defendants
L-1 IDENTITY SOLUTIONS OPERATING COMPANY and L-1 ENROLLMENT SERVICES DIVISION

CURIALE HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

NOTICE OF REMOVAL
CASE NO.: 2:10-at-1606

# EXHIBIT

# A

Robert C. Bowman, Jr. (SBN: 232388)
Kara Keister (SBN: 250260)
**LAW OFFICES OF BOWMAN AND ASSOCIATES**
*A Professional Corporation*
2151 River Plaza Drive, Suite 105
Sacramento, CA 95833
Telephone: (916) 923 - 2800
Facsimile: (916) 923 - 2828

Attorney for Plaintiff
TRACY STOCKTON

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER
OCT 06 2010
JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By Brandi Burks, Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF PLACER**

TRACY STOCKTON

Plaintiff,

v.

L-1 IDENTITY SOLUTIONS OPERATING COMPANY, a corporation doing business in the State of California, L-1 ENROLLMENT SERVICES DIVISION, an unknown entity doing business in the State of California, and DOES 1 through 50, inclusive

Defendant.

Case No.: SCV 0028030

**COMPLAINT FOR DAMAGES FOR:**

1. **Disability Discrimination in Violation of California Government Code §12900 and §12940 et Seq.;**
2. **Failure to Provide Reasonable Accommodations in Violation of California Government Code §12900 and §12940(m);**
3. **Failure to Engage in Interactive Process in Violation of Government Code §12900 et seq. and §12940(n);**
4. **Interference with Family Medical Leave Rights;**
5. **Wrongful Termination in Violation of Public Policy.**

**[Damages Exceed $25,000]**

**JURY TRIAL DEMANDED**

//

//

COMES NOW, Plaintiff, TRACY STOCKTON (hereinafter "Plaintiff"), and alleges the following:

**JURISDICTION**

1. Plaintiff is a resident of Placer County, State of California and was at all relevant times herein mentioned employed by L-1 IDENTITY SOLUTIONS OPERATING COMPANY, a Delaware corporation doing business in Placer County, State of California.

2. Defendant, L-1 IDENTITY SOLUTIONS OPERATING COMPANY, (hereinafter "Defendant" or "Employer"), is a Delaware corporation doing business in the county of Placer in the State of California.

3. Defendant, L-1 ENROLLMENT SERVICES DIVISION (hereinafter "Defendant" or "Employer"), is an unknown entity doing business in the county of Placer in the State of California.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and for Plaintiff's injuries.

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants were the agent and the employee of their co-Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of their authority as such agents, servants and employees, and with the permission and consent of their co-Defendants.

6. The unlawful employment practices complained of herein occurred in Placer County, as did the other acts complained of herein.

**ADMINISTRATIVE REMEDIES**

7. On or about October 5, 2010, Plaintiff duly presented a discrimination and harassment Complaint against Defendants to the Department of Fair Employment and Housing

(hereinafter "DFEH") for the injuries, disability, losses and damages suffered and incurred by her by reason of the herein described occurrences, all in compliance with the requirements of Section 12948 of the California Government Code. DFEH issued a Right-to-Sue Notice to Plaintiff on DATE. True and correct copies of the DFEH Right-to-Sue Notices are attached as Exhibit "A" and is incorporated herein by reference.

## FACTUAL BACKGROUND

8. Plaintiff was hired by Defendant in August 2007 and has worked for Defendant in a number of capacities, including California Enrollment Services Supervisor.

9. Since the inception of her employment, Ms. Stockton proved herself to be dedicated to the growth and success of Defendant and worked diligently to implement Defendant's policies and procedures.

10. Plaintiff received regular merit raises and positive performance reviews for her outstanding work, was routinely assigned more duties and employees to supervise, and was ultimately given a promotion to California Senior Supervisor.

11. Throughout the course of her employment, Plaintiff never received a single verbal or written warning that she was lacking in any aspect of her job, until she was terminated.

12. In or about March 2008, Defendant purchased and merged with LiveScan Solutions from Connie Nyers ("NYERS") and became L-1 ENROLLMENT SERVICES. KYM POTESTA ("POTESTA") took over the management of the five staff members including Supervisor APRIL ELRICK ("ELRICK"). In or about October, 2009 NYERS took over L-1 ENROLLMENT SERVICES and was assigned as Plaintiff's manager.

13. In or about November 2009, Plaintiff's health began to decline. Plaintiff began having regular migraine headaches and experienced pain in her neck and back.

14. Plaintiff's manager, NYERS and supervisor, POTESTA became aware as early as November 2009 that Plaintiff was suffering from migraines and other physical pain.

15. In or about January 2010, NYERS was asked to work on the management structure of Defendant's California operations because Defendant was struggling with maintaining market share in California.

16.   In or about February 2010, Plaintiff began experiencing hostility from her manager, NYERS.

17.   On February 11, 2010, Plaintiff met with NYERS and POTESTA to review Defendant's expectations for the rest of the year.   Plaintiff was given a document entitled "2010 Operational Goals" ("DOCUMENT") and was asked to review and implement the listed expectations. At no time during this meeting was Plaintiff informed that the DOCUMENT was in actuality a Performance Evaluation or that failure to immediately meet the listed expectations would result in her termination. Plaintiff was also not informed that she had to meet all of the expectations within the thirty days before her next review in order to keep her position.

18.   On or about March 19, 2010, Plaintiff received a 30 Day Performance Review ("REVIEW") in which she was negatively evaluated for failing to meet the expectations set forth in the DOCUMENT along with other issues that were not addressed in the DOCUMENT.

19.   Because the REVIEW was an inaccurate and untruthful portrayal of Plaintiff as an employee, Plaintiff wrote a rebuttal to the REVIEW, which she submitted to NYER, POTESTA, JANET SOUTHARDS (Defendants' Human Resources Representative), and CHRIS BROWN on or about March 20, 2010. The rebuttal included explanations for all of the false accusations levied against Plaintiff in the REVIEW.

20.   Defendant's untruthful accusations of Plaintiff performance and the general hostility she was experiencing from NYERS aggravated Plaintiff's migraines and overall physical condition.

21.   On April 8, 2010, Plaintiff officially notified NYERS, POTESTA and SOUTHARDS that she would be taking a medical leave beginning at the end of the business day on April 9, 2010 and that she was unsure how long the leave would last. In response, Defendant provided Plaintiff with FMLA paperwork to be completed by her physician.

22.   On April 9, 2010, NYERS notified Plaintiff that no modifications would be made to the negative REVIEW in Plaintiff's personnel file despite the explanations Plaintiff provided in her rebuttal.

23. On April 15, 2010, Plaintiff submitted her doctor-completed FMLA paperwork to Human Resources. Plaintiff's doctor diagnosed Plaintiff with moderate to severe lumbar and thoracic disc degeneration, subluxation with cervical Lordosis along with accompanying migraine headaches. Plaintiff's doctor estimated that Plaintiff would be out on leave from April 12, 2010 through August 8, 2010, and that she would require modified duties upon her return that consisted of limited sitting, driving and lifting. As Plaintiff's position required her to sit for much of the day, as well as to frequently make long drives to various open sites, such restrictions would provide a significant strain on Defendant's resources. Additionally, Plaintiff would require regular follow ups with her doctor after her leave was done, and she was expected to have flare-ups that would require her to take time off in order to properly recover.

24. On June 15, 2010, Plaintiff received a letter from NYERS informing her that her position had been modified to three positions for the sake of efficiency and that Plaintiff was no longer employed by Defendant as of June 18, 2010.

25. On June 17, 2010 NYERS sent an email to Plaintiff telling her that due to the dissemination of the Supervisor position in California, they needed to collect all of L-1 assets before the close of business on Friday, June 18, 2010 and would have JOHN WHITMER ("WHITMER") retrieve the company assets from Plaintiff.

26. On June 18, 2010 WHITMER arrived at Plaintiff's home and took possession of all company assets. WHITMER also filled out a Separation Checklist ("CHECKLIST") for Plaintiff and checked the field that reads, "Employee notified of his/her last day." Additionally, Plaintiff signed under a field that read, "I will cease employment with the IBT at 8:30 am on 6/18/10..."

27. Plaintiff is informed, believes and thereon alleges that Defendant terminated Plaintiff based on her disability and/or perceived disability, and for taking a medical leave of absence.

28. Plaintiff is also informed that her supervisor, POTESTA was also terminated while out on a medical leave at or around the same time that Plaintiff was terminated. Plaintiff is also informed, believes and thereon alleges that APRIL ELRICK, who held the same title as

Plaintiff, was not out on a medical leave and was not terminated, despite the fact that Defendant claims that ELRICK'S position was eliminated.

29. Plaintiff is also informed, believes and thereon alleges that Defendant's termination of Plaintiff was illegal, retaliatory, and in violation of the public policy of the State of California.

## FIRST CAUSE OF ACTION

**(Disability Discrimination in Violation of California Government Code §12900 and §12940 et Seq.)**

30. As a first, separate and distinct cause of action, Plaintiff complains against Defendant, L-1 IDENTITY SOLUTIONS OPERATING COMPANY, L-1 ENROLLMENT SERVICES DIVISION, and DOES 1 through 50, and each of them, and for cause of action alleges:

31. Plaintiff incorporates herein by reference Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

32. At all times mentioned in this Complaint, the Fair Employment and Housing Act and California Government Code sections 12900 et seq. and 12940 et seq. were in full force and effect and binding on the Defendants. These sections make it unlawful for employers to harass, discriminate or retaliate against any employee on the basis of disability and/or perceived disability, *inter alia*. The statements and conduct on the part of Defendant complained of herein represent a violation of the Fair Employment and Housing Act and California Government sections 12900 and 12940 et seq. Within the time provided by law, Plaintiff filed a Complaint with the California Department of Fair Employment and Housing and received a right-to-sue letter. See Exhibit "A" attached herewith.

33. At all times mentioned in this Complaint, Defendant employed at least five persons and is therefore a covered employer under the California Fair Employment and Housing Act.

34. Plaintiff suffers from debilitating migraine headaches, neck and back pain that significantly affect her ability to work. Consequently, Plaintiff is a member of a protected class (disabled) within the meaning of the aforementioned code sections.

35. At all material times hereto, Plaintiff satisfactorily performed her duties and responsibilities as expected by Defendant until Defendant deliberately prevented her from doing so.

36. Plaintiff suffered disparate treatment from Defendant because of her disability. After Defendant became aware of Plaintiff's condition, Defendant falsely accused Plaintiff of poor performance and placed a negative REVIEW in Plaintiff's personnel file despite having knowledge of the untruthfulness of the REVIEW's allegations. Moreover, Defendant refused to modify the negative REVIEW in spite of Plaintiff's REBUTTAL to these allegations upon learning that Plaintiff was taking a medical leave of absence due to her condition.

37. Plaintiff believes and thereon alleges that her disability and/or perceived disability was a factor in Defendant's actions, including the discrimination as set forth above. Plaintiff was treated differently with regard to workplace policies and procedures because of her disability and/or perceived disability. Such discrimination is in violation of Government Code §12940 et seq. and has resulted in damage and injury to Plaintiff as alleged herein.

38. As a proximate result of Defendant's conduct, Plaintiff has lost wages, benefits and other out of pocket expenses in a sum according to proof at time of trial.

39. As a further proximate result of Defendant's conduct, Plaintiff has lost wages, benefits and other out of pocket expenses all to her damage in a sum according to proof at time of trial.

40. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth herein.

//

//

SECOND CAUSE OF ACTION

**(Failure to Provide Reasonable Accommodations in Violation of California Government Code §12900 and §12940(m))**

41. As a second, separate and distinct cause of action, Plaintiff complains against Defendants, L-1 IDENTITY SOLUTIONS OPERATING COMPANY, L-1 ENROLLMENT SERVICES DIVISION, and DOES 1 through 50, and all of them, and for cause of action alleges:

42. Plaintiff incorporates herein by reference Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

43. At all times mentioned in this Complaint, the Fair Employment and Housing Act and California Government Code sections 12900 et seq. and 12940 et seq. were in full force and effect and binding on the Defendant. Specifically, California Government Code §12940(m) mandates that an employee make reasonable accommodation for the known disability of an employee.

44. Defendant became aware of Plaintiff's recurring migraine headaches, neck and back pain, in or about November of 2009, and that Plaintiff requested to take a medical leave of absence due to her condition.

45. Defendant terminated Plaintiff while she was out on medical leave rather than accommodating her condition upon her return.

46. As a proximate result of Defendant's conduct, Plaintiff has lost wages, benefits and other out of pocket expenses. Plaintiff has incurred and will continue to incur medical expenses for treatment and for incidental medical expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

47. The above-described actions were done with malice, fraud, oppression and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

48. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth herein.

**THIRD CAUSE OF ACTION**

**(Failure to Engage in Interactive Process in Violation of Government Code §12900 et seq. and §12940(n))**

49. In a third, separate and distinct cause of action, Plaintiff complains against Defendants, L-1 IDENTITY SOLUTIONS OPERATING COMPANY, L-1 ENROLLMENT SERVICES DIVISION, and DOES 1 through 50, and each of them, and for cause of actions alleges:

50. Plaintiff incorporates herein by reference Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

51. At all times mentioned in this Complaint, the Fair Employment and Housing Act and California Government Code sections 12900 et seq. and 12940 et seq. were in full force and effect and binding on the Defendants. Specifically, California Government Code section 12940(n) requires employers to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations. Within the time provided by law, Plaintiff filed a Complaint with the California Department of Fair Employment and Housing and received a right-to-sue letter. See Exhibit "A" attached hereto.

52. Defendant became aware of Plaintiff's recurring migraine headaches, neck and back pain in or about November of 2009, and that Plaintiff requested to take a medical leave of absence due to her condition.

53. Defendant terminated Plaintiff while she was out on medical leave rather than engaging in a good faith interactive process with Plaintiff to determine reasonable accommodations for her.

54. As a proximate result of Defendant's conduct, Plaintiff has lost wages, benefits and other out of pocket expenses. Further, Plaintiff has incurred and will continue to incur

medical expenses for treatment and for incidental medical expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

55. The above-described actions were done with malice, fraud, oppression and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendants' future conduct.

56. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**(Retaliation in Violation of the Family Medical Leave Act)**

57. As a fourth, separate and distinct cause of action, Plaintiff complains against Defendants L-1 IDENTITY SOLUTIONS OPERATING COMPANY, L-1 ENROLLMENT SERVICES DIVISION, and DOES 1 through 50, and each of them, and for cause of action alleges:

58. Plaintiff incorporates herein by reference Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

59. Plaintiff was notified by Defendants that she was eligible for leave under the Family Medical Leave Act (FMLA) and subsequently took a medical leave of absence for her own serious health condition.

60. Defendants were her employers, and upon notifying Plaintiff that she was eligible for FMLA, had a legal duty to not interfere with Plaintiff's rights under the Act.

61. Defendants violated the FMLA by terminating Plaintiff's employment because she had taken FMLA leave. Further, the acts of Defendant in failing to return her to the same or comparable position upon termination of her medical leave is an unlawful employment practice in violation of FMLA.

62. Defendants' adverse treatment of Plaintiff was intentional.

63. As a proximate result of Defendant's conduct, Plaintiff has lost wages, benefits and other out of pocket expenses. Further, Plaintiff has incurred and will continue to incur medical expenses for treatment and for incidental medical expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

64. The above-described actions were done with malice, fraud, oppression and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

65. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## FIFTH CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy)**

66. As a fifth, separate and distinct cause of action, Plaintiff complains against Defendant, L-1 IDENTITY SOLUTIONS OPERATING COMPANY, L-1 ENROLLMENT SERVICES DIVISION, and DOES 1 through 50, and each of them, and for cause of action alleges:

67. Plaintiff incorporates herein by reference Paragraphs 1 through 65 of her Complaint as though fully set forth herein.

68. At all times mentioned in this Complaint, California Constitution Article I, Section 8 and Government Code sections 12900 et seq. and 12940 et seq. were in full force and effect and binding on Defendant. These sections make it unlawful for employers to discriminate against any employee on the basis of a number of protected categories, including (but not limited to) disability and/or perceived disability. Additionally, California Government Code section 12920 declares that it is the public policy of the State of California to protect and safeguard the right and opportunity of all persons to hold employment without discrimination on account of their disability. The conduct on the part of Defendants complained of herein

represents a violation of the Fair Employment and Housing Act and California Government Code sections 12900 et seq. and 12940 et seq.

69. In terminating Plaintiff as described above, Defendant violated public policy as follows.

a. Defendant violated public policy by failing to comply with 29 USC Chapter 28 and California Government Code §12940 et seq., which makes it unlawful for an employer to discharge and/or discriminate against any employee because of their disability and/or perceived disability.

b. Defendant violated the Family Medical Leave Act by retaliating against Plaintiff for taking a protected medical leave of absence.

70. As a result of the aforementioned acts of Defendant, Plaintiff has lost and continues to lose income and benefits and has suffered other incidental and consequential damages and expenses in an amount according to proof at time of trial.

71. As a proximate result of Plaintiff's conduct and the consequences proximately caused by it, Plaintiff has suffered medical and related expenses in an amount according to proof at time of trial.

72. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

//

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial of all issues by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

1. For general and special damages according to proof at time of trial;
2. For incidental and consequential damages according to proof at time of trial;
3. For prejudgment interest at the highest possible rate from the earliest possible date;

4. For costs of suit and reasonable attorney's fees herein incurred, and;

5. For such other and further relief as the Court may deem just and proper.

//

//

LAW OFFICES OF BOWMAN & ASSOCIATES
*A Professional Law Corporation*

Dated: October 5, 2010

By: [signature]
Kara Keister
Attorney for Plaintiff,
TRACY STOCKTON

# EXHIBIT "A"

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY ARNOLD SCHWARZENEGGER, Governor

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
Phyllis W. Cheng, Director
2218 KAUSEN DRIVE, SUITE 100, ELK GROVE, CA 95758
(916) 445 5523
www.dfeh.ca.gov

October 05, 2010

STOCKTON, TRACY
3017 PARKHAM DRIVE
ROSEVILLE, CA 95747

RE: E201011E5155-00
STOCKTON/L-1 IDENTITY SOLUTIONS OPERATING COMPANY

Dear STOCKTON, TRACY:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 05, 2010 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan Pederson
District Administrator

cc:   Case File

JANET SOUTHARDS
HUMAN RESOURCES
L-1 IDENTITY SOLUTIONS OPERATING COMPANY
15 CENTURY BLVD, SUITE 500
NASHVILLE, TN 37214

DFEH-200-43 (06/06)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** Phyllis W. Cheng, Director

2218 KAUSEN DRIVE, SUITE 100, ELK GROVE, CA 95758
(916) 445 5523
www.dfeh.ca.gov

October 05, 2010

STOCKTON, TRACY
3017 PARKHAM DRIVE
ROSEVILLE, CA 95747

RE: E201011E5156-00
STOCKTON/L-1 ENROLLMENT SERVICES DIVISION

Dear STOCKTON, TRACY:

**NOTICE OF CASE CLOSURE**

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 05, 2010 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan Pederson
District Administrator

cc:   Case File

JANET SOUTHARDS
HUMAN RESOURCES
L-1 IDENTITY SOLUTIONS COMPANY
15 CENTURY BLVD, SUITE 500
NASHVILLE, TN 37214

DFEH-200-43 (06/06)

CASE NO.

SCV 0028060

# A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

DATE: **February 01, 2011**
TIME: **10:00 A.M. If your case number starts with "S-CV"**
**11:00 A.M. If your case number starts with "M-CV"**
DEPT: **40 - 10820 Justice Center Drive, Roseville, California**

## IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does **not** decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date. The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center. Call 916-408-6446 or go to the court's website at www.placercourts.org and select "Legal Help Center/Self Help" for information about the Legal Help Center.

## INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

Fifteen calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placercourts.org. Select "Tentative Rulings and Calendar Notes", then "Civil CMC." If you do not have Internet access, call the court at 916-408-6000 to get the information.

At the First Case Management Conference, the court will make orders which may include: redesignating the class currently assigned; exempting the case from dispositional time goals; referring the case to arbitration; transferring the case to Limited Jurisdiction; assigning the case to a particular judge for all purposes; assigning a trial date; assigning the case as a short cause trial matter; identifying the case as one which may be protracted; identifying the case as one which may be amenable to early settlement; establishing a discovery cut-off; scheduling the exchange of expert witness information; scheduling a mandatory settlement conference; scheduling a final case management conference; or, other orders to achieve the interests of justice and timely disposition of the case.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, YOU MUST CONTACT **COURT CALL** TOLL FREE, AT 888-882-6878, AT LEAST TWO (2) COURT DAYS PRIOR TO THE APPEARANCE TO ARRANGE FOR THIS. YOU MUST PAY **COURT** CALL TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

OCT 08 2010

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By Brandi Burke, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
L-1 IDENTITY SOLUTIONS OPERATING COMPANY, a corporation doing business in the State of California, L-1 ENROLLMENT SERVICES DIVISION an unknown entity doing business in the State of California and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TRACY STOCKTON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
PLACER COUNTY SUPERIOR COURT
10820 JUSTICE CENTER DRIVE
ROSEVILLE, CA 95661

CASE NUMBER: *(Número del Caso):*
SCV 0028080

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KARA KEISTER
2151 River Plaza Dr. Suite 105
Sacramento, CA 95833
The Law Office Bowman & Associates
(916) 923-2800

DATE: *(Fecha)* OCT 08 2010 Clerk, by *(Secretario)* B. Burke , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
Martin Dean's ESSENTIAL FORMS™
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
TRACY STOCKTON



CORPORATION SERVICE COMPANY®

KG3 / ALL
Transmittal Number: 8084800
Date Processed: 10/11/2010

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Mark Molina<br>L-1 Identity Solutions, Inc.<br>177 Broad Street<br>Floor 12th<br>Stamford, CT 06901 |

| | |
|---|---|
| **Entity:** | L-1 Identity Solutions Operating Company<br>Entity ID Number 2397604 |
| **Entity Served:** | L-1 Identity Solutions Operating Company |
| **Title of Action:** | Tracy Stockton vs. L-1 Identity Solutions Operating Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court:** | Placer County Superior Court, California |
| **Case Number:** | SCH 0028060 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/08/2010 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Kara Keister<br>916-923-2800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

# EXHIBIT

# B

FELICIA R. REID (SBN 155481)
KRISTIN L. OLIVEIRA (SBN 204384)
ANN E. SOTER (SBN 229838)
CURIALE HIRSCHFELD KRAEMER LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendants
L-1 IDENTITY SOLUTIONS OPERATING COMPANY, L-1 ENROLLMENT SERVICES DIVISION

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER
NOV 03 2010
JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By Brandi Burke, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF PLACER

| | |
|---|---|
| TRACY STOCKTON, Plaintiff, vs. L-1 IDENTITY SOLUTIONS OPERATING COMPANY, a corporation doing business in the State of California, L-1 ENROLLMENT SERVICES DIVISION, an unknown entity doing business in the State of California, and DOES 1 through 50, inclusive, Defendants. | Case No. SCV 0028060<br>**ANSWER TO COMPLAINT FOR DAMAGES**<br>**Complaint Filed:** October 6, 2010<br>BY FAX |

Defendants L-1 Identity Solutions and L-1 Enrollment Services Division ("Defendants") hereby answer Plaintiff Tracy Stockton's ("Plaintiff") unverified Complaint For Damages ("Complaint") as follows:

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30(d), Defendants generally deny each and every allegation contained in the Complaint and further deny that Plaintiff has suffered any damages by reason of any act or omission on the Defendants' part. Defendants further submit the following affirmative defenses:

CURIALE HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

As an affirmative defense to each of Plaintiff's claims, Defendants aver that Plaintiff has failed to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

As an affirmative defense to each of Plaintiff's claims, Defendants aver that the claims, in whole or in part, are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure Section 340 and California Government Code Section 12960.

**THIRD AFFIRMATIVE DEFENSE**
**(No Employer)**

As an affirmative defense to each of Plaintiffs causes of action, Defendants aver that Plaintiff's claims against L-1 Identity Solutions Operating Company are barred in whole or in because L-1 Identity Solutions Operating Company was not Plaintiff's employer.

**FOURTH AFFIRMATIVE DEFENSE**
**(Compliance With Law)**

As an affirmative defense to each of Plaintiff's claims, Defendants aver that any recovery is barred, in whole or in part, because of Defendants' compliance with the underlying law.

**FIFTH AFFIRMATIVE DEFENSE**
**(Estoppel, Waiver, Laches and Unclean Hands)**

As an affirmative defense to each of Plaintiff's claims, Defendants aver that Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, laches and/or unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**
**(At-Will Employment)**

As an affirmative defense to each of Plaintiff's claims, Defendants aver that Plaintiff was an at-will employee within the meaning of California Labor Code Section 2922.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Ineligible For Statutory Protection)**

As an affirmative defense to Plaintiff's claims in this action, Defendants aver that Plaintiff is not eligible for family and medical leave because she worked in an employment location with less than fifty (50) employees within seventy-five (75) miles.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to Exhaust Administrative Remedy)**

As an affirmative defense to Plaintiff's First, Second, Third and Fourth Causes of Action, Defendants aver that Plaintiff's claims are barred by her failure to exhaust all applicable administrative remedies.

**NINTH AFFIRMATIVE DEFENSE**
**(Frivolous Action)**

As an affirmative defense to each of Plaintiff's claims, Defendants aver that they have engaged attorneys to represent them in defense of Plaintiff's frivolous, unfounded, and unreasonable action, and Defendants are thereby entitled to an award of reasonable attorneys' fees upon judgment in their favor.

**TENTH AFFIRMATIVE DEFENSE**
**(Legitimate Exercise of Management Discretion)**

As an affirmative defense to each of Plaintiff's claims, Defendants aver that they did not discriminate or retaliate against Plaintiff or otherwise treat her in any manner in violation of California's Fair Employment and Housing Act, the Family Medical Leave Act, the California Family Rights Act, or any other established public policy. Any and all decisions made by Defendants regarding Plaintiff's employment were based on reasonable, lawful, and non-discriminatory factors, undertaken for fair and honest reasons comporting with good faith under the circumstances then existing. Accordingly, all such decisions constituted a just and proper exercise of management discretion.

CURIALE HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Plaintiff's Negligent, Intentional and/or Bad Faith Conduct)**

As an affirmative defense to each of Plaintiff's claims, Defendants aver that Plaintiff's negligent, intentional, and/or bad faith conduct acts as a bar to her claims.

**TWELFTH AFFIRMATIVE DEFENSE**
**(After-Acquired Evidence)**

As an affirmative defense to each of Plaintiff's claims, Defendants aver that Plaintiff's causes of action and remedies are barred or limited by the doctrine of after-acquired evidence.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

As an affirmative defense to each of Plaintiff's claims, Defendants aver that Plaintiff has failed, and continues to fail, to reasonably mitigate her damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action for Punitive Damages)**

As an affirmative defense to Plaintiff's prayer for damages, Defendants aver that Plaintiff has failed to state facts sufficient to state a claim for punitive damages and any such claims for punitive damages are barred by Civil Code § 3294 and the California and United States Constitutions.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Engage in an Interactive Process)**

As an affirmative defense to each of Plaintiff's claims, Defendants aver that Plaintiff failed to participate in the interactive process with Defendants and was responsible for the breakdown of the interactive process.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Reasonable Accommodation and Undue Hardship)**

As an affirmative defense to each of Plaintiff's claims, Defendants aver that any accommodation would pose an undue hardship on the operations of Defendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Danger to Health/Safety)**

As an affirmative defense to each of Plaintiff's causes of action, Defendants aver that Plaintiff was unable to perform her essential duties in a manner that would not endanger her health or safety or the health or safety of others even with a reasonable accommodation.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Exclusivity of Workers' Compensation Remedy)**

As an affirmative defense to each of Plaintiff's claims, and to the extent that she alleges emotional distress, personal injury, and/or general and special damages, Defendants aver that those claims are barred, in whole or in part, by the California Workers' Compensation Act, California Labor Code section 36000, *et seq.*, which provides the exclusive remedy for causes of action involving emotional distress and personal injuries arising out of employment.

**RIGHT TO AMEND AFFIRMATIVE DEFENSES**

Defendants have no independent knowledge, as of the filing of this Answer, of all facts allegedly constituting the causes of action in the Complaint, and, based thereon, hereby respectfully requests leave of this Court to amend this Answer to include those affirmative defenses that are revealed during the course of discovery.

WHEREFORE, Defendants pray that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice;
2. Plaintiff takes nothing herein;
3. The Court issue judgment in favor of Defendants; and,

///
///
///
///
///
///
///

4. Defendants be awarded costs and other such relief deemed just and proper by the Court, including, but not limited to an award for reasonable attorneys' fees.

Dated: November 3, 2010

CURIALE HIRSCHFELD KRAEMER LLP

By: Kristin L. Oliveira
Felicia R. Reid
Kristin L. Oliveira
Ann E. Soter
Attorneys for Defendants
L-1 IDENTITY SOLUTIONS OPERATING COMPANY and L-1 ENROLLMENT SERVICES DIVISION

CURIALE HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ANSWER TO COMPLAINT FOR DAMAGES
CASE NO. SCV 0028060

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On November 3, 2010, I served the following document(s) by the method indicated below:

**ANSWER TO COMPLAINT FOR DAMAGES**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On November 3, 2010, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

***Attorneys for Plaintiff:***

Kara Keister, Esq.
The Law Office of Bowman & Associates
2151 River Plaza Drive, Suite 105
Sacramento, CA 95833
Telephone: (916) 923-2800
Facsimile: (916) 923-2828

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 3, 2010, at San Francisco, California.

Cheri McCaffrey

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On November 4, 2010, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332 AND 1441 [DIVERSITY JURISDICTION]**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On November 4, 2010, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

***Attorneys for Plaintiff:***

Robert C. Bowman, Jr., Esq.
Kara Keister, Esq.
The Laws Office of Bowman And Associates
2151 River Plaza Drive, Suite 105
Sacramento, CA 95833
Telephone: (916) 923-2800
Facsimile: (916) 923-2828

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 4, 2010, at San Francisco, California.

Cheri McCaffrey

Cheri J. McCaffrey

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PROOF OF SERVICE
CASE NO.: 2:10-at-1606 (Temporary)