**FILED**

NOV 8 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY STOCKTON, | Case No. 2:10-cv-02974-LKK-GGH |
| Plaintiff, | **PROTECTIVE ORDER REGARDING CONFIDENTIALITY; STIPULATION** |
| vs. | |
| L-1 IDENTITY SOLUTIONS OPERATING COMPANY, a corporation doing business in the State of California, L-1 ENROLLMENT SERVICES DIVISION, an unknown entity doing business in the State of California, and DOES 1 through 50, inclusive, | Complaint Filed: October 6, 2010<br>Trial: July 31, 2012 |
| Defendant. | |

## STIPULATION

WHEREAS, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted; and

WHEREAS, the parties recognize the some of the documents and information ("materials") that will be disclosed and/or sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties; and

1

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY;
CASE NO.: 2:10 CV-02974-LKK-GGH

1   WHEREAS, the materials to be exchanged throughout the course of the litigation between
2   the parties may contain trade secret or other confidential research, technical, cost, price,
3   marketing or other commercial information, as is contemplated by Federal Rule of Civil
4   Procedure 26(c)(7); and
5   WHEREAS, the parties wish to protect the confidentiality of such materials to the extent
6   appropriate and practical during the litigation.
7   NOW THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE
8   PARTIES HERETO, through their respective counsel, that the Court enter the Protective Order
9   set forth below, after the signatures of counsel.
10  **SO STIPULATED.**

Dated: 7/18/11

LAW OFFICES OF BOWMAN & ASSOCIATES

By: _____
    Kara Keister

*Attorneys for Plaintiff Tracy Stockton*

CURIALE HIRSCHFELD KRAEMER LLP

Dated: 7/20/11

By: _____
    Kristin L. Oliveira

*Attorneys for Defendants L-1 Identity Solutions Operating Company, L-1 Enrollment Services Division*

## PROTECTIVE ORDER

Based on the Stipulation of the Parties to this litigation, and good cause shown, the Court hereby adopts the following Protective Order as an Order of this Court.

**Definitions**

1.  The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to

2

1 interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and
2 transcripts of trial testimony and depositions, including data, summaries, and compilations
3 derived therefrom that is deemed to be Confidential Information by any party to which it belongs.
4   2.  The term "materials" will include, but is not be limited to: documents;
5 correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material
6 that identify customers or potential customers; price lists or schedules or other matter identifying
7 pricing; competitively sensitive information; business plans; employee personnel files (excluding
8 Tracy Stockton's personnel file); minutes; telegrams; letters; statements; cancelled checks;
9 contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries;
10 appointment books; expense accounts; recordings; photographs; motion pictures; compilations
11 from which information can be obtained and translated into reasonably usable form through
12 detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings;
13 models and prototypes and other physical objects.
14   3.  The term "counsel" will mean outside counsel of record, and other attorneys,
15 paralegals, secretaries, and other support staff employed in the law firms identified on the caption
16 page of this protective order (Curiale Hirschfeld Kraemer LLP, Law Offices of Bowman &
17 Associates). "Counsel" also includes in-house attorneys for Defendants L-1 Identity Solutions,
18 Inc. and L-1 Enrollment Services Division.

19 **General Rules**

20   4.  Any party to this litigation may designate as "CONFIDENTIAL" or
21 "CONFIDENTIAL – FOR COUNSEL ONLY" any materials, answers to interrogatories,
22 responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial
23 testimony and depositions, or other information, disclosed or produced in the litigation, which the
24 party believes should be subject to this Order, provided that materials produced by one party may
25 not be designated "CONFIDENTIAL – FOR COUNSEL ONLY" by the other party.
26   a.  Designation as "CONFIDENTIAL": Any party may designate information
27     as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the
28     unrestricted disclosure of such information could be potentially prejudicial to the business

1  or operations of such party or such party's privacy rights and/or those of its employees.

2      b.     Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

7  5.     In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

15  6.     Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

17      a.     the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

24      b.     the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

28      c.     the originals of the deposition transcripts and all copies of the deposition

must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing should be filed under seal, identified as being subject to this Order, and protected from being opened except by order of this Court. Should the Court not agree to the filing under seal of the documents, the documents may be filed and the party will be considered in compliance with the terms of this Protective Order.

7. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has

1  read this Order in advance of disclosure and has agreed in writing to be bound by its terms:
2        a.    Tracy Stockton;
3        b.    Executives who are required to participate in policy decisions with
4  reference to this action;
5        c.    Technical personnel of the parties with whom counsel for the parties find it
6  necessary to consult, in the discretion of such counsel, in preparation for trial of this
7  action; and
8        d.    Stenographic and clerical employees associated with the individuals
9  identified above.
10     10.    With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL –
11  FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator,
12  author or a recipient of a copy of the document, may be shown the same.
13     11.    All information which has been designated as "CONFIDENTIAL" or
14  "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and
15  all reproductions of that information, must be retained in the custody of the counsel for the
16  receiving party identified in paragraph 3, except that independent experts authorized to view such
17  information under the terms of this Order may retain custody of copies such as are necessary for
18  their participation in this litigation.
19     12.    Before any materials produced in discovery, answers to interrogatories, responses
20  to requests for admissions, deposition transcripts, or other documents which are designated as
21  Confidential Information are filed with the Court for any purpose, the party seeking to file such
22  material must seek permission of the Court to file the material under seal. The parties will
23  cooperate in preparing the application for filing under seal. At least three business days in
24  advance of the filing, the filing party will provide to the party who designated the at-issue
25  document(s) as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," if
26  different from the filing party, a specific description of particular documents or categories of
27  documents to be filed. The designating party must then provide to the filing party within two
28  business days thereafter the explanation(s) of good cause for protecting the documents from

6

disclosure to be included in the application to seal. Should the Court not agree to the filing under seal of the documents, the documents may be filed and the party will be considered in compliance with the terms of the Protective Order.

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must

7

CASE NO.: 2:10-CV-02974-LKK-GGH

treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" – SUBJECT TO PROTECTIVE ORDER.

17. This Protective Order shall not prevent the use, at trial, in deposition, or in any Motion, of the foregoing confidential information, which shall be appropriately identified and sealed. Nothing contained in this Stipulation and Protective Order shall serve to preclude any party from seeking a further order limiting or broadening dissemination or access to confidential information and all parties specifically reserve their right to alter this Stipulation and Protective Order for purposes of trial of this matter.

18. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

20. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such

8

1 information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

24. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

25. Transmission by facsimile is acceptable for all notification purposes within this Order.

26. This Order may be modified by agreement of the parties, subject to approval by the Court.

27. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties respectfully ask that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

///

1  SO ORDERED this 3rd day of November, 2011

GREGORY G. HOLLOWS

Judge for the United States District Court
for the Eastern District of California

10

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY;
CASE NO.: 2:10-CV-02974-LKK-GGH